(42 Misc. Rep. 295.)

## DENISON et al. v. DENISON et al.

(Supreme Court, Special Term, New York County. December, 1903.)

1. WILL—CONSTRUCTION—POWER OF ALIENATION—SUSPENSION.

Testator provided for an annuity for his widow to an amount requiring the entire income of the estate to satisfy it, and gave the residue of his estate to his brother and sister and the survivor of them, and the heirs and assigns of such survivor, in trust for the benefit of the children of said brother and sister living at testator's death, and the issue of any deceased child of either the brother or the sister. The will directed the trustees to divide the residue of the estate into shares, and to hold one for the said children and their descendants, and on the deaths of the said brother and sister to hold the share set apart for each in trust for their child or children, and the issue of any deceased child or children who should be living at the time of the death of such brother and sister, if more than one, as tenants in common, but so that the issue of any deceased child or children of the brother and sister should take per stirpes the part to which such deceased child or descendant would, if then living, have been entitled. It was also provided that if any child or descendant of testator's brother and sister, to whom a share had been limited for life, should die without issue, then the share of such child should be held in trust for the surviving nephews, nieces, or grandnephews and grandnieces, to whom a portion of the estate had been limited for life, to be held in all respects as his or her part was limited in trust. *Held*, that

the gift for the benefit of the children and grandchildren of testator's son and daughter living at testator's death did not unlawfully suspend the power of alienation.

2. SAME—DEVISE IN TRUST.

Where testator gave a portion of his estate to his brother and sister in trust for the use of their · children, with the provision that on their death the share set apart for the children of such brother and sister should be in trust for their children and issue, and gave the share of any life beneficiary dying and leaving issue to such issue immediately on the death of the parent, no technical trust was created so that it was the duty of the trustees to pay over the same on the parent's death.

3. SAME—PARTIAL INVALIDITY.

Where a provision in a will in trust for the nephews and nieces of the testator was invalid as unlawfully suspending the power of alienation, but such provision was not essential to the purpose of the testator in creating the prior estates, it did not invalidate them.

Action by John M. Denison and others against Henry M. Denison and others to construe a will. Judgment rendered.

Logan, Demond & Harby, for plaintiffs.

Franklin Bartlett, for defendants.

SCOTT, J. This action is brought for a judicial construction of the will of David Stewart Denison, a resident of the city of New York, who died without issue, leaving a widow, a brother, John M. Denison, a sister, Mary L. Russell, and the children of a deceased sister. At the time of testator's death both his brother, John M. Denison, and his sister, Mary L. Russell, had living children and grandchildren. By the fourth clause of his will, as amended by a codicil, he directs his executor to set apart and hold so much of his estate as will be sufficient to provide an annuity of $10,000 for his wife during her life. It is conceded that this will require the executor to hold the entire estate for this purpose. The controversy arises over the seventh clause of the will, which undertakes to dispose of the residuary estate. The clause is long and involved, and but indifferently well punctuated. Its purport, however, is plain, and no difference arises in relation thereto. It will not be necessary, therefore, to quote it at length. It gives the residue of the estate to the testator's brother, John M. Denison, and sister, Mary L. Russell, and the survivor of them, "and the heirs, executors, administrators and assigns of such survivor," in trust for the use and benefit of the children of said brother and sister living at the time of testator's decease, and the issue then living of any deceased child or children of either the brother or sister. The children of the brother and sister who survive the testator are to take per capita, and the children of any deceased child are to take the share to which the parent would have been entitled if living. The trustees, as soon after testator's death as practicable, are to divide the residue of the estate into shares or portions, and to hold the shares so set apart for the said children and descendants of the testator's said brother and sister, and from and immediately after their respective deaths to further hold the share or portion thus set apart for such deceased child, children, or descendants in trust for his, her, or their child or children, and the issue, if any, of any, of his, her, or their deceased child living at that

time, "his, her or their executors, administrators and assigns, if more than one, as tenants in common." It is further provided that if any child or descendant of either testator's brother or sister to whom a share or portion has been limited for life shall die without leaving a child or children or the issue of a deceased child, then the share of the child so dying is to be held in trust for each of the surviving nephews, nieces, or grandnephews and grandnieces, as the case may be, to whom a portion of the estate had been limited for life, to be held in the same manner in all respects as his or her or their original part or share is limited in trust. If every child and descendant of the said brother and sister should die without issue or descendant, the residue is to be distributed according to the laws of the state of New York. Provision is made that the shares set apart for nieces and grandnieces shall be free from control of their husbands.

It is urged against this disposition of the estate that it unlawfully suspends the power of alienation. Since the whole estate must be retained by the executors to provide the annuity for the widow, the power of alienation is suspended during her life. The disposition of the estate after her death is carefully limited to persons in being at the testator's death, and the first question suggested is whether or not the disposition made in behalf of these beneficiaries suspends the power of alienation of any portion of the estate for more than one life. The plain construction of the will is that it was the testator's intention to establish as many separate life estates as there should be nephews and nieces or children of deceased nephews and nieces living at his death, and being children or descendants of his brother John and his sister Mary. The trustees are directed to divide the residue of the estate into shares or portions, according to his devise and bequest; they are to hold these shares for the "respective" use and benefit of the beneficiaries, and during the term of their "respective" lives, and from and after their "respective" deaths their shares are disposed of to their issue; and throughout the whole clause he speaks of the share or portion of each of the life beneficiaries as separate and separable portions of the estate. The bequest, therefore, for the benefit of the children and grandchildren of John M. Denison and Mary L. Russell living at the time of testator's death, does not suspend the power of alienation of any portion of the estate for more than a single life. Savage v. Burnham, 17 N. Y. 561; Stevenson v. Lesley, 70 N. Y. 512; Locke v. Farmers' L. & T. Co., 140 N. Y. 135, 35 N. E. 1076.

The next provision of the will to which attention is directed is that which provides for the disposition of the share held for any life beneficiary upon his or her death, leaving issue. The provision in this regard is as follows: That upon the death of any life beneficiary the trustees shall hold the share or portion set apart for said life beneficiary "in trust for his, her or their child or children, and the issue, if any, of any of his, her or their deceased child or children who shall be living at the time of his, her or their decease respectively, his, her or their executors, administrators or assigns, if more than one, as tenants, in common, but so that the issue of any deceased child, children or descendants of my said brother or sister shall take per stirpes only the part or share or respective parts or shares to which said deceased

child, children or descendants would, if then living, have been entitled."
The effect of this provision was to give the share of any life beneficiary
dying, and leaving issue, to such issue immediately upon the death of
the parent. It was tantamount to a direction to the trustees to pay
over. There is nothing in the will to indicate that the testator in-
tended to set up any new trust of any such share, notwithstanding he
uses the words "in trust." At the most it creates only a trust for
distribution, which, while not technically a trust at all, is valid as a
power. The trustees are not charged with receiving or paying out
the income; no period is set for the continuance of the trust, and no
gift over is made of the principal. The evident purpose of the tes-
tator, and the effect of the language used by him, was that, in the event
of the death of a life beneficiary leaving children or descendants, the
share which had been held in trust for the decedent would immediately
pass to and vest in his or her issue, the sole duty left to the trustees
being that of paying over. Manice v. Manice, 43 N. Y. 384; Wood-
gate v. Fleet, 64 N. Y. 566, 573.

The next provision of the will, and one which is obviously invalid,
is that which undertakes to dispose of the share of any life beneficiary
who may die leaving no person surviving capable of taking under the
provision last considered. As to any such share the will undertakes
to set up a system of cross-remainders, by which the share will be
divided and distributed among the other shares as to which the trusts
for the life beneficiaries are then still existent, to be held upon the
same trusts as those shares, not only for the lives of the respective
life beneficiaries, but also for "his, her or their child or children, or
issue of any deceased child or children, living at his or her death."
The invalidity of this provision is so patent that it is conceded by all
parties to the action, and needs no demonstration.

The sole question remaining is whether or not this invalid provision
so taints the whole scheme for the disposition of the residuary estate
that the entire clause relating thereto must be rejected. It is a well-
established rule for the construction of wills that where the obvious,
primary, and controlling intent of the testator can be carried out by
upholding the valid dispositions made by him, such intent will not be
defeated because he has tacked on to his valid bequests others which
are invalid, but are not necessary to the carrying out of the principal
scheme. In such a case these latter provisions will be cut off, and the
valid provisions allowed to stand. Underwood v. Curtis, 127 N. Y.
523, 28 N. E. 585. In the present case the controlling intent of the
testator, which is evident throughout the whole seventh clause of his
will, is that, so far as he can control the future, his residuary estate
shall go to the children and descendants of his brother John and his
sister Mary, to the exclusion of the children and descendants of his
deceased sister. This is a disposition which he had a right to make,
and we have no concern to speculate as to his reasons or to question
his motives. By sustaining the valid provisions of his will this tes-
tamentary purpose will in the main be carried out, and very possibly
be carried out in its entirety, for the contingency to which the invalid
provision would apply may never occur, and will very probably occur,
if at all, only so as to affect a portion of the estate. On the other

hand, if the whole clause be held to be invalidated, the testator's intent will be wholly frustrated, and his property will be distributed in the very manner that he sought to guard against. I am clearly of the opinion that the invalid provision contained in the disputed seventh clause is one which can be cut off without destroying the general scheme of the will or defeating the primary and controlling intent of the testator. Full effect can thus be given to all the valid dispositions attempted to be made, and the purpose of the testator carried out so far as the law will permit it to be. My conclusion is that the seventh clause of the will should be construed as containing a valid devise of the residuary estate to John M. Denison and Mary L. Russell, to be held upon separate trusts for each one of their children or issue of deceased children living at the death of the testator, subject to the annuity provided for the widow, with remainder in fee to the issue of any life beneficiary who may die leaving children or descendants, with distribution, as in case of intestacy, of the share of any life beneficiary dying without issue. All parties should have costs out of the estate.

Judgment accordingly.